■ In the Matter of JOSHUA ALBERT, Petitioner, v SAMUEL J. ROZZI, as Commissioner of the Nassau County Police Department, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Police Department, dated October 23, 1984, which, after a hearing, revoked the petitioner's pistol license for a period of 18 months, and limited the petitioner thereafter to possession of one firearm for target purposes in the event the petitioner successfully reapplied for a license.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The determination that the petitioner failed to "truthfully cooperate" in the investigation regarding his possession and use of a weapon is amply supported by the evidence adduced at the hearing. At the hearing, two police officers credibly testified that when questioned, the petitioner denied having any weapon on his person other than the shotgun he was then holding, when in fact, the petitioner was also in possession of a pistol at the time. In light of the foregoing, the hearing officer's determination that the petitioner failed to "truthfully cooperate" with respect to his possession of the pistol is supported by substantial evidence (see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176).

The penalty imposed was not so disproportionate to the offense as to shock one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222).

Finally, we have considered the parties' other contentions and find them to be without merit. Rubin, J. P., Lawrence, Kooper and Spatt, JJ., concur.